Judge Marshall
delivered the Opinion of the Court.
This bill was filed by D. and D. W. Parish, administrators of Lewis Ellis, the vendee of a tract of land, against Graves &c. the vendors, to enjoin a judgment for a balance of the purchase money—alleging that they had not received their proper credits, and further, that the vendors were unable to convey, and praying for a rescission of the contract; which was for the sale of one hundred and twenty-six and a half acres of land, at the price of forty-five dollars per acre.
In the progress of the suit, the defendants, having enabled themselves to convey one hundred and thirteen acres and three quarters of the land, alleged, by way of cross bill, that they had in fact conveyed that quantity, by deed, which the complainants had accepted, and, as they were unable to convey the remaining twelve acres and three quarters, they were willing to rescind the contract as to that, and prayed for an assessment of rents, &c.
The complainants, in answer, admitted the acceptance of the deed, but allege that the twelve acres and three quarters not conveyed, is much the most valuable' part of the land, and that it includes the houses, garden and spring; and they insist that, if chargeable with rent, they should be charged only in proportion to the quan *120 tity of land not conveyed; and also, that they are entitled to the excess of the value of the land not conveyed, above the average value of an equal quantity of that which was conveyed.
A commissioner was appointed to take an account between the parties; who reported that, charging the complainants with the land conveyed, at forty-five dollars per acre, they had overpaid the whole price, by the sum of fifty dollars and forty-eight cents, which, with its interest up to the date of the report (April, 1835,) amounted to seventy-five dollars and sixty-two cents; and that the improvements made by the vendee, upon the land not conveyed, were worth one hundred and eighty dollars; that, estimating the rent of the twelve acres and three quarters merely in proportion to quantity, compared with the rent and quantity of the whole tract, it amounted, at the date of the report, to two hundred and fifty-six dollars ninety-eight cents, for the whole period of occupancy. But, estimated according to its actual value, it amounted to six hundred and thirty-three dollars thirty-three cents. The commissioner also reported that, the value of the whole tract was diminished one thousand dollars by taking from it the part which could not be conveyed; but did not report the relative value of the two portions of the tract compared with the contract price of forty-five dollars per acre, either at the date of the contract, or at any other period.
The Circuit Court decreed a perpetuation of the injunction; a rescission of the contract as to the twelve acres and three quarters of land, and that the possession should be surrendered at the end of the year. And also decreed that, the complainants should pay to the defendants four hundred, and twenty-four dollars thirty-eight cents, to be credited by the costs of the former in this Suit.
To reverse this decree, the complainants prosecute a Writ of error, assigning several errors, the substance of which, so far as they need be noticed, is that they, instead of the defendants, were entitled to a decree for some amount, and that if this be not the case, the sum decreed against them is too large.
The general rule in rescinding contracts for land, where there is no fraud on the part of the vendor, is that, the purchase money paid, shall be refunded, with interest. And the same principle requires that, where there is a rescission as to a part only, the proportion which the value of that part, bears to the value of the entire tract, should be ascertained, and a like proportion of the purchase money restored, with interest. But a different rule may be adopted by the parties, or may result from their agreement; and if they, by consent, ascertain & fix the price of the land conveyed, the difference between that, and the agreed price of the whole tract, must, (in the absence of proof of any different stipulation,) be taken as the sum to be refunded, with interest.
A deed having been made, and accepted by the purchaser, for as much of the land sold as the vendor could make a good title to—held, that, upon a rescission of the contract, as to the residue, the difference between the agreed price of the entire tract, and the consideration for the part conveyed, as stated in the deed, must be taken as the sum to be refunded, with interest, to the purchaser. And—
*121 First. The first question is, to what compensation were the complainants entitled, on account of the non-conveyance of the twelve acres and three quarters, as to which the contract was rescinded.
There being no fraud on the part of the vendors, the general rule, where the whole purchase money has been paid, is that the vendee is entitled, on a rescission, to a return of the purchase money, with interest. In cases of partial rescission, this rule requires that where the average value, per acre, of the land as to which the contract is rescinded, is greater or less than that of the entire tract which was to have been conveyed, the compensation to be paid or refunded to the vendee, should be proportionably greater or less than the contract price per acre—the object being to ascertain, and cause to be refunded, what was paid for the specific part. But as the price paid for the part which is not to be conveyed, and the price paid for that which is to be or may be conveyed, necessarily make up the contract price for the whole, and cannot exceed it, the ascertainment of either necessarily fixes both. And as justice, and indeed, the very terms of the rule, require that, so far as the question of price or value is involved, the same standard should govern both, in the partial execution and the partial rescission, it follows that, if this standard be fixed in regulating the terms of either, it should be adhered to in regulating the terms of the other. It is, also, unquestionably true that, the parties have a right to fix it for themselves. And when, in a partial execution of the contract, they have, by consent, ascertained or fixed the price of the land conveyed, which must, of course, in the absence of any special stipulation to the contrary, be presumed to be so much of the whole contract price, they have, also, thereby ascertained and fixed the contract price of the residue, and the Court, as well as themselves, in regulating the terms of rescission, must be bound by it.
The parties having, in this case, made and accepted a deed for a part of the land embraced in the original contract, the consideration of that deed, as therein stated, must be considered as so much of the contract price appropriated by the parties, to the land conveyed by the deed. *122 For, as far as the contract was executed, it must be understood, prima facie at least, to have been executed according to its own terms, as understood by the parties. The residue of the contract price must, therefore, be considered as paid or payable for the residue of the land; and to so much of the residue of the price as has been paid, with interest from the time of payment, the vendee is entitled, on a rescission of the contract as to the residue of the land.
In the absence of the deed, a commissioner’s report, to which there was no exception, and in which the rate at which the land was sold, is stated, may be prima facie evidence of the consideration. But (vide post) the deed must be referred to, if to be had.
Where a purchaser relinquishes a part of the land, upon a partial rescission of the contract, he is chargeable with rent for that part, according to its value compared with the agreed price of the whole tract—and the interest on the value, so ascertained, and the rent will be considered equivalents. And any agreement of the parties which furnishes a different criterion for the value of the relinquished land, and sum to be refunded, must be applied to the ascertainment of the amount, or rate, of rent also. So—
*122 The deed made in this case, was not exhibited by the parties in their pleadings, and is not contained in the record; and it does not certainly appear what was the agreed price of the land thereby conveyed. But from the fact that the commissioner, in his report, which was not excepted to, charged it at forty-five dollars per acre; and from other circumstances in the case, we feel authorized to infer, that that was the consideration stated in the deed, and the agreed value of the land conveyed according to the original price. Assuming this to be the fact it follows, upon the principles above stated, that although the actual value per acre of the land not conveyed, may exceed the average value of the land which was conveyed, and of the whole tract, yet the vendees are not entitled to any compensation for that excess, or any part of it. Otherwise, the purchaser who, upon the execution of the contract, or upon its rescission, or upon a partial execution and rescission, is entitled to nothing more than the value of the contract price, with interest on what is paid, either inland or money, or both, would, after having received and ascertained part of that value in land, get more than the residue of it in money, which, on the principles applied to the case, would be inequitable. We are of opinion, therefore, upon the facts, as we understand them, that the complainants are entitled to nothing more on account of the non-conveyance of the twelve acres and three quarters, than the excess of their payments above the value of the hundred and thirteen acres and three quarters conveyed, estimated at the price of forty-five dollars, with interest upon that excess.
Second. In compensating the vendors for the use of *123 the land as to which the contract is rescinded, the same principle which the parties have adopted in fixing the value of the two portions of the tract, should, also, as far as practicable, be canned out. If the whole matter had been adjusted under the directions of the Chancellor, the land conveyed being of less value, per acre, than that which is not conveyed, would have been estimated at less than the contract price, and so much the more of the whole sum paid, would be considered as paid on account of the other part of the land, and would be to be refunded, or accounted for, to the vendees, on a rescission as to that part. And as the vendees would thus receive compensation for the land which would be lost to them, according to its superior relative value, it would be but just that the vendors should receive compensation for the use of the same land, according to the same standard. This they would obtain, either by an assessment of the actual value of the annual rents of that portion of the land, or—by what might generally be deemed its equivalent — retaining or receiving the interest on its relative superior value. But as, in the partial execution and rescission of the contract, the parties have, by fixing an equal value on the two portions of the tract, deprived the vendees of the equitable right of being compensated, on their part, according to the relative value of the land which they lose, it would be an accumulation of the loss to them, and of the gain to the vendors, to compensate the latter for the use of the same land, according to its actual or relative superior value.
Where a purchaser relinquished that part of the land, which had the buildings &c. upon it, and was far more valuable, by the acre, than the rest; but in consequence of the consideration for the balance being stated, in the deed for it, at the rate per acre at which the whole tract was purchased, he gets a restoration of purchase money only at the same rate per acre; held, that, as in equity, he could be charged with rent on the part relinquished, only by the acre, at the average rate of a fair rent for the whole tract, ha shall be charged for rent, only with a sum equal to the interest on the money to be refunded to him—from which amount of rent, the value, at the time the possession is surrendered, of the improvements made by him, is to be deducted: for the balance he must account.
It has been determined by this Court, to be an equitable principle of general, though not of universal application, that as the parties, in making a contract for the sale of land, are presumed to have considered the use of the land on the one side as a fair equivalent for the use of the price on the other, so, in rescinding the con *124 tract, the same principle may be adopted, and the interest of the purchase money be deemed a proper compensation to the vendor, in lieu of rents. If in this case, the entire purchase money had been paid according to contract, and there were now a total rescission, we should consider the use of the land, on the one side, and the interest of the money, on the other, as reasonably fair equivalents; and as the case stands, estimating, as the parties seem to have done, the two portions of the whole tract to be of equal average value per acre, we think, though the rescission is but partial, the same rule may be properly applied for the ascertainment of the compensation to which the vendors are entitled. It at least approximates nearer to justice than any other practical rule which suggests itself as applicable to the case: and it seems to carry out that equality which the parties have adopted as the basis of the adjustment.
Upon this principle, the complainants should be charged with the interest upon the price of twelve acres and three quarters of land, at forty-five dollars per acre, payable according to the terms of the original contract, and calculated up to the time of surrendering the possession, to be credited by the value of the permanent improvements made by the vendee on the same land, estimating that value at the time the possession is surrendered, and also, by the sum which has been paid to the vendors, beyond the price of the hundred and thirteen acres and three quarters at forty-five dollars per acre, with its interest; and a decree should be rendered against them for the balance. The sum for which the complainants are liable, as ascertained, in this mode, was, at the date of the decree, obviously and considerably less than that which they were decreed to pay; and for the error of decreeing too much against them, the decree must be reversed.
As this record does not furnish the means of ascertaining correctly the sum to be credited to the complainants, on account of the present value of the improvements, or their value when the possession is to be changed, the cause is remanded, with directions to ascertain that value. And as this opinion and its direc *125 tions for making up the decree are based upon the inference believed to be justified by the present state of the record, that the parties have fixed the value of the hundred and thirteen acres and three quarters conveyed, at forty-five dollars per acre, which, nevertheless, may be true, and if not, will have greatly injured the complainants, in the adjustment of the matters in controversy; and as it would seem that the deed, though not now in the record, was before the commissioner, we are of opinion that the deed may be properly recurred to, on the return of the cause to the Circuit Court. And in case it should express a’different consideration than that of forty-five dollars per acre for the land conveyed, the defendants will be entitled to the interest upon the balance of the whole original price, after deducting the price of the hundred and thirteen acres and three quarters, to be credited by whatever has been paid to them, beyond the price of the land conveyed, as ascertained by the deed, with its interest, and also, by the value of improvements to be assessed as above directed; and the balance should be decreed, as it may appear in favor of one or the other party.